IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

PUBLIC SERVICE EMPLOYEES LOCAL
UNION 572, LIUNA,

        Plaintiff,

vs.

PROFESSIONAL CONTRACT SERVICES,
INC.,

        Defendant.

Civil No.

**COMPLAINT**

Plaintiff Public Service Employees Local Union 572, LIUNA ("Local 572" or "Union") alleges as follows:

1. This action is brought pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

2. Plaintiff Local 572 represents employees of Defendant Professional Contract Services, Inc. ("PCSI") at Portsmouth Naval Medical Center in Portsmouth. Local 572 and PCSI are parties to a collective bargaining agreement ("CBA") that sets forth the terms and conditions of employment for covered employees at Portsmouth Naval Medical Center.

3. The CBA forbids PCSI from disciplining any employee without cause, and it contains a grievance and arbitration process to settle any issues that arise at the worksite. Local 572 submitted a written grievance challenging PCSI's discharge of Christian Simmons, a PCSI

1

worker and Union member. After PCSI denied the grievance, Local 572 advanced the grievance to arbitration. PCSI has improperly ceased to participate in the arbitration of the grievance.

4. Local 572 seeks an order to compel PCSI to arbitrate the grievance. This order is needed to allow the dispute to be resolved through binding arbitration, as the CBA provides.

5. In the alternative, if PCSI repudiates the arbitration process, Local 572 seeks to enforce the CBA through this Court and seeks damages in the amount necessary to fully compensate Mr. Simmons for the breach of contract pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

## PARTIES

6. Plaintiff Local 572 is a labor organization within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(5). It maintains a local office in Chesapeake.

7. Defendant PCSI is an employer engaged in interstate commerce within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(2). Its headquarters is in Austin, Texas.

## JURISDICTION AND VENUE

8. This Court has jurisdiction of this matter pursuant to Section 301 of the LMRA, 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

9. Venue lies within this judicial district and division pursuant to Section 301 of the LMRA, 29 U.S.C § 185(a), and 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this action occurred within this district and division.

## FACTUAL ALLEGATIONS

10. Local 572 and PCSI are parties to a CBA covering wages, hours of work, and conditions of employment for covered workers of PCSI at Portsmouth Naval Medical Center. A true and correct copy of this CBA is attached as Exhibit A.

11. The CBA forbids PCSI from firing workers without cause. It also contains grievance and arbitration procedures, set forth in Article IX of the CBA. If the parties do not resolve a grievance in the lower steps of the procedure, they agree to have it resolved in final and binding arbitration.

12. On or about June 13, 2019, PCSI fired Christian Simmons, a PCSI worker at Portsmouth Naval Medical Center classified as an EVS Technician.

13. The Union has maintained that PCSI lacked cause to fire Mr. Simmons and that PCSI's discipline of Mr. Simmons was untimely under the CBA.

14. Local 572 filed a written grievance alleging that PCSI fired Mr. Simmons without cause. The grievance sought to have PCSI return Mr. Simmons to duty and make him whole with full redress.

15. PCSI denied the Union's grievance at each step of the grievance process.

16. On or about August 23, 2019, the Union requested a panel of arbitrators for the Simmons grievance from the Federal Mediation and Conciliation Service. FMCS provided a panel of arbitrators to PCSI and the Union on or about August 25, 2019.

17. PCSI and the Union engaged in settlement talks over the Simmons grievance in the months after the grievance was filed.

18. On or about May 21, 2020, Gabriele Ulbig, counsel for the Union, and Eric Barbosa, General Counsel for PCSI, spoke by phone about several pending grievances, including the Simmons grievance.

19. Ms. Ulbig and Mr. Barbosa continued to correspond over potential settlement of the Simmons grievance in the months following their May 21, 2020 call.

20. On or about July 21, 2020, Ms. Ulbig emailed Mr. Barbosa with new proposed dates to meet and select an arbitrator. Later that day, Mr. Barbosa responded with a new settlement offer. Settlement talks continued between Ms. Ulbig and Mr. Barbosa.

21. On or about September 3, 2020, Ms. Ulbig emailed a settlement offer from the Union to Mr. Barbosa. This was the last settlement offer made by either party.

22. Mr. Barbosa did not respond to the September 3 settlement offer, so Ms. Ulbig sent an email on or about September 23, 2020 asking if PCSI was still interested in negotiating a settlement to the Simmons grievance.

23. On or about September 23, 2020, Mr. Barbosa responded to Ms. Ulbig's email, stating: "For some reason, I had not seen your email below. Give me a few days to consider the offer and discuss internally." Ms. Ulbig and the Union received no other response from Mr. Barbosa or other PCSI representative to the September 3 settlement offer.

24. On or about October 19, 2020, having received no response to the Union's settlement offer from Mr. Barbosa or any PCSI representative, Ms. Ulbig emailed Mr. Barbosa with suggested times for the parties to select an arbitrator from the FMCS panel. Ms. Ulbig and the Union received no response to this request to proceed with arbitrator selection.

25. On or about October 30, 2020, Ms. Ulbig sent another email with new proposed times for the parties to select an arbitrator. Ms. Ulbig and the Union received no response to this request to proceed with arbitrator selection.

26. Ms. Ulbig and the Union have received no response by email or other means related to the Simmons grievance from Mr. Barbosa or any PCSI representative since Mr. Barbosa's September 23 email.

27. As of the date of this Complaint, PCSI has not proceeded to arbitration and has otherwise failed to resolve the Union's grievance challenging Mr. Simmons's discharge.

## COUNT ONE
## CLAIM TO COMPEL ARBITRATION
## (9 U.S.C. § 4 and 29 U.S.C. § 185)

28. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs above as if fully set forth herein.

29. Local 572 has followed the grievance and arbitration procedures set forth in the CBA. PCSI has improperly ceased to participate in the arbitration process. The CBA contains no exceptions that would remove the Union's grievance from the scope of the grievance and arbitration provisions of the CBA.

30. Local 572 has sought to proceed with arbitrator selection. PCSI has never expressly refused to arbitrate, but had sought to continue settlement talks prior to September 23, 2020. Since September 23, PCSI has not responded in any way to the Union's request to proceed to arbitration.

31. Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a), this Court should compel PCSI to arbitrate Local 572's grievance.

## COUNT TWO
## CLAIM TO ENFORCE SUBSTANTIVE TERMS
## (29 U.S.C. § 185)

32. In the alternative, if the substance of the grievance is not deemed arbitrable, Plaintiff seeks to enforce the substance of the underlying contract claims in this Court in a trial by jury.

33. The parties' agreements on the terms and conditions of employment, including compensation and benefits, are enforceable in this Court pursuant to 29 U.S.C. § 185.

34. The parties agreed to a cause standard for the discharge of workers.

35. Despite the parties' agreement that workers would not be discharged without cause, Defendant discharged Mr. Simmons without cause and in an untimely manner pursuant to the CBA. Therefore PCSI is in breach of the CBA. PCSI has no valid excuse for its breach.

36. Mr. Simmons has suffered and continues to suffer injury because of PCSI's breaches.

37. The Union seeks to enforce the terms of the CBA. It seeks damages in an amount necessary to fully compensate Mr. Simmons for the breach.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks that the Court do the following:

1. Issue an Order compelling PCSI to submit to the arbitration of this matter;

2. In the alternative, to grant judgment against PCSI for breach of the CBA and award Mr. Simmons damages in an amount proven at trial;

3. Award the Plaintiff its attorneys' fees and costs herein;

4. Issue such further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: December 4, 2020         Respectfully submitted,

                                     /s/ Mark Hanna
                                     Mark Hanna
                                     Virginia Bar Number 45442
                                     Attorney for Public Service Employees
                                     Local Union 572, LIUNA
                                     Murphy Anderson PLLC
                                     1401 K Street NW, Suite 300
                                     Washington, DC 20005
                                     Tel.: 202-223-2620
                                     Fax: 202-296-9600
                                     mhanna@murphypllc.com